**Abatement Order filed January 31, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00281-CV
_____

## IN THE INTEREST OF M. E. H.

---

**On Appeal from the 345th District Court
Travis County, Texas
Trial Court Cause No. D-1-AG-15-002375**

---

## ABATEMENT ORDER

Appellant, C.H., filed a motion to compel the reporter's record. She alleges (1) the reporter's record is incomplete, (2) she directed the court reporter, Laura Taylor, to supplement the record pursuant to Texas Rule of Appellate Procedure 34.6(d), but (3) Taylor will not file the requested supplemental volumes. Appellant also indicates some of the volumes at issue concern hearings held before various district judges and transcribed by different court reporters.

The motion and its attachments reflect a disagreement between appellant's counsel and Taylor regarding whether the supplemental volumes pertain to the current appeal or to one or more of four other appeals by appellant that have been

dismissed: No. 14-18-00675-CV, No. 14-18-00680-CV, No. 14-18-00681-CV, and No. 14-18-00682-CV. Appellee S.K. filed an opposition in this court suggesting he agrees with Taylor that the supplemental volumes are not required to be filed because they pertain to one or more of the dismissed appeals, not this appeal.

When a dispute concerning the accuracy of the reporter's record arises after the record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution. Tex. R. App. P. 34.6(e)(3). The trial court must then proceed under the procedure set forth in Texas Rule of Appellate Procedure 34.6(e)(2).

Accordingly, we **ABATE** this appeal and direct the trial court to hold a hearing to determine whether the supplemental volumes of reporter's records must be filed and, if so, which court reporter is responsible for filing each respective volume. The trial court shall reduce its findings to writing and have a supplemental clerk's record containing those findings and any associated orders filed with this court. The supplemental clerk's record is due on or before **April 1, 2019**. We will withhold a ruling on appellant's motion to compel pending receipt of the supplemental clerk's record.

This appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on the active docket when the supplemental clerk's record is filed. The court will also consider a motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not timely request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2